## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAMES D. WILSON, Individually and on Behalf of Others Similarly Situated<br><br>v.<br><br>(1) DEVON ENERGY PRODUCTION COMPANY, L.P. and<br><br>(2) RPC, INC. d/b/a EPI CONSULTANTS | **Case No:** __CIV-20-245-C_____ |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Devon Energy Production Company, L.P. (Devon) and RPC, Inc. d/b/a EPI Consultants (RPC) (collectively Defendants) do not pay their employees overtime as required by the Fair Labor Standards Act (FLSA).

2.      Instead of paying overtime, Defendants pay their employees a set "day rate" for each day worked regardless of the total number of hours worked in a week.

3.      Defendants' day rate plans violate the FLSA because employees paid on a day rate basis are still owed overtime for hours worked in excess of 40 in a week. *See, e.g., Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).

4.      James D. Wilson (Wilson) brings this action to recover the unpaid overtime wages and other damages owed to himself and Defendants' other employees paid on a day rate plan.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6.      Venue is proper in this Court pursuant 28 U.S.C. § 1391(b)(1) because Devon is headquartered in this district and division and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Wilson's claims occurred in this district and division.

## PARTIES

7.      Wilson worked as a Night Consultant for Defendants beginning in approximately July of 2018.

8.      Throughout his employment, Defendants paid Wilson a day rate for each day worked with no overtime compensation.

9.      Wilson's consent to be a party plaintiff is attached as Exhibit 1.

10.     Wilson brings this action on behalf of himself and all other Defendants' employees who were paid according to Defendants' day rate plans.

11.     The class of similarly situated employees (the "Day Rate Workers") consists of:

**All individuals paid according to Devon's and/or RPC's day rate plans**

12.     Devon is an Oklahoma limited partnership with its principal place of business in Oklahoma City, Oklahoma.

13.     Devon may be served with process by serving its registered agent for service of process: The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

14.     RPC is a Delaware corporation with its principal place of business in Atlanta, Georgia.

15.     RPC may be served with process by serving its registered agent for service of process: Corporation Service Company, 115 SW 89th St., Oklahoma City, Oklahoma, 73139.

## FLSA COVERAGE

16.     For at least the past 3 years, Defendants, individually and/or collectively, have been an employer and/or joint employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

17.     For at least the past 3 years, Defendants, individually and/or collectively, have been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

18.     For at least the past 3 years, Defendants, individually and/or collectively, have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

19.     Defendants, individually and/or collectively, have and have had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (*e.g.*, including computer hardware and software, smart devices, tools, office equipment, etc.) that have been moved in or produced for commerce.

20.     Further, Defendants' annual gross volume of sales have each exceeded $1,000,000 in each of the past 3 years.

21.     Wilson and the Day Rate Workers are/were employees engaged in commerce or in the production of goods for commerce or are/were employees who employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

22.     Although Defendants treated Wilson as an independent contractor, as a matter of economic reality Wilson was, in fact, an employee of both Defendants.

## FACTS

23.     Devon "is a leading independent oil and natural gas exploration and production company" with its operations "focused onshore in the United States."[1]

24.     RPC, through its Energy Personnel International (EPI) division, "provides experienced project management personnel to field workover programs and optimization projects."[2]

25.     Wilson and the Day Rate Workers are among the individuals who perform Defendants' work.

26.     Defendants paid all their Day Rate Workers a flat sum for each day worked regardless of the number of hours worked that workweek.

27.     Defendants did not pay their Day Rate Workers any overtime for hours worked in excess of 40 in a workweek.

---

[1] https://www.devonenergy.com/about-us
[2] https://www.rpc.net/Service_Lines#energypersonnel

28.     Wilson worked for Defendants as a Night Consultant from approximately July 2018 to approximately February 2019, primarily in the Watonga, Oklahoma area.

29.     Wilson interviewed with and was approved for hire by Devon.

30.     Devon then contracted with RPC to pay Wilson through RPC.

31.     Wilson worked on Devon-operated drilling rig sites planning, executing, and overseeing the drilling operations.

32.     While on a drilling site Wilson took all of his direction from, and was directly supervised by, Devon personnel including the Devon drilling superintendent.

33.     Wilson worked hitches of 2 weeks on, 2 weeks off.

34.     During a hitch Wilson worked 12-hour shifts, 7 days a week.

35.     While on a hitch at the drilling site Wilson lived on site in crew quarters.

36.     Defendants' records reflect the location(s) Wilson worked each day and week.

37.     Defendants required Wilson to submit "invoices" for the days he worked in order to be paid.

38.     Devon would first approve Wilson's invoices and then RPC would pay Wilson based on the approved "invoices."

39.     Defendants paid Wilson a flat day rate for each 12-hour shift.

40.     Defendants also paid Wilson other sums such as daily per diems, daily car allowances, and a mileage reimbursement.

41.     Defendants both employed Wilson within the meaning of the FLSA.

42.     Beyond on-the-job training and experience, Wilson did not possess or utilize any unique or specialized skillset in performing his job duties.

43.     Defendants required Wilson to adhere to their practices, policies, and procedures.

44.     Defendants did not require any substantial investment by Wilson in order to perform

his work.

45.     Defendants controlled Wilson's opportunities for profit and loss by dictating the days and hours he worked and his pay rates.

46.     Defendants controlled all the significant and meaningful aspects of the job duties Wilson performed.

47.     Defendants exercised control over the hours and locations Wilson worked and the tools and equipment he used.

48.     Defendants made large capital investments in buildings, machines, equipment, tools, and supplied the business enterprise in which Wilson worked.

49.     Wilson did not incur operating expenses like rent, payroll, and marketing.

50.     Wilson was, as a matter of economic reality, dependent on Defendants to perform his job and to make a living.

51.     Although he often worked more than 80 hours per workweek, Defendants never paid Wilson any overtime.

52.     The Day Rate Workers all performed duties like those Wilson performed.

53.     The Day Rate Workers worked similar hours and were denied overtime as a result of the same illegal pay practice.

54.     The Day Rate Workers all regularly worked in excess of 40 hours each week and were scheduled for 12-hour shifts for weeks at a time.

55.     Instead of paying them overtime Defendants paid the Day Rate Workers a flat rate for each 12-hour shift.

56.     Like Wilson, Defendants paid the Day Rate Workers other sums such as daily per diems, daily car allowances, and a mileage reimbursement.

57.     Defendants failed to pay the Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

### FLSA VIOLATIONS

58.     Defendants' day rate plans violate the FLSA because Wilson and the Day Rate Workers did not receive overtime for hours worked over 40 in a week.

59.     Defendants knew, or showed reckless disregard for whether, their day rate plans violated the FLSA.

60.     Defendants' failure to pay overtime compensation to Wilson and the Day Rate Workers was not based on any reasonable interpretation of the law.

61.     Nor was Defendants' decision not to pay overtime made in good faith.

62.     Accordingly, Wilson and the Day Rate Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

### COLLECTIVE ACTION ALLEGATIONS

63.     Numerous employees have been denied overtime by Defendants' day rate plans.

64.     From his observations and experience at Defendants, Wilson is aware that the illegal practices or policies of Defendants have been imposed on the Day Rate Workers.

65.     The Day Rate Workers all received a flat rate for each day worked, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

66.     These employees are similarly situated to Wilson in terms of *relevant* job duties, pay provisions, and employment practices.

67.     Defendants' failure to pay overtime as required by the FLSA results from generally applicable, systematic pay plans that are not dependent on the personal circumstances of the Day Rate Workers.

68.     Thus, Wilson's experiences are typical of the experiences of the Day Rate Workers.

69.     The specific job titles or precise job locations of the various Day Rate Workers do not prevent collective treatment.

70.     All Day Rate Workers, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

71.     Wilson demands a trial by jury.

## RELIEF SOUGHT

72.     Wherefore, Wilson prays for:

(a)     an order allowing this action to proceed as a collective action and directing notice to the other Day Rate Workers;

(b)     judgment finding Defendants in violation of the FLSA;

(c)     judgment finding Defendants liable to Wilson and the Day Rate Workers for unpaid overtime, and an equal amount of liquidated damages;

(d)     judgment awarding Wilson and the Day Rate Workers reasonable attorney's fees and costs of this action;

(e)     judgment awarding Wilson and the Day Rate Workers pre- and post-judgment interest at the highest rates allowed by law; and

(f)     such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Rex Burch
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    Michael K. Burke
    Texas Bar No. 24012359
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com
    mburke@brucknerburch.com

    AND

    Andrew W. Dunlap
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**