IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES D. WILSON, Individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DEVON ENERGY PRODUCTION COMPANY, LP, and RPC, INC., d/b/a EPI CONSULTANTS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-20-245-C<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

   Defendants have filed a partial Motion to Dismiss seeking dismissal of Plaintiff's collective action claim. Defendants argue Plaintiff's Complaint fails to establish that the class he seeks to certify is comprised of similarly situated persons. According to Defendants, the lack of specificity in the Complaint makes it impossible for them to determine who may be a class member or not. In his Response, Plaintiff argues that the issues raised by Defendants are premature. According to Plaintiff, challenges to who may or may not be a class member should be made at the conditional certification stage rather than on the face of the Complaint.

   The Court finds that at this stage the allegations in Plaintiff's Complaint adequately plead facts which provide fair notice of the proposed class. See Cooper v. Coil Chem., LLC, No. CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla. Dec. 8, 2016). Plaintiff's Complaint alleges that Defendants engaged in a pay scheme where certain individuals were paid a day rate rather than an hourly rate. The Complaint alleges that these individuals were

employees under the provisions of the Fair Labor Standards Act ("FLSA") rather than independent contractors and that Defendants failed to pay overtime as required by the FLSA.

While the factual allegations of the Complaint could have been more fully set forth, those allegations are adequate to apprise Defendants of the nature of the claims and the group of individuals who may be included in the class. As Plaintiff notes, the Tenth Circuit applies a two-step process in determining if individuals are similarly situated for class action purposes. The first step considers whether there are "'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). If a plaintiff has made "substantial allegations" there is adequate notice to a defendant. Id. Here, Plaintiff's Complaint provides the necessary substantial allegations to adequately put Defendants on notice of the nature and composition of the potential class. The challenges raised by Defendants in the present Motion are more properly presented when a motion for conditional certification is made. Accordingly, Defendants' Motion will be denied.

For the reasons set forth herein, Defendants' Partial Motion to Dismiss (Dkt. No. 16) is DENIED.

IT IS SO ORDERED this 1st day of September, 2020.

ROBIN J. CAUTHRON
United States District Judge